■ COURTNEY JOHNSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 77418.) [198 NYS2d 140] —Judgment, Court of Claims (Edgar C. NeMoyer, J., based upon a trial had before Adolph C. Orlando, J.), entered on or about August 7, 1992, after trial, dismissing on the merits, a personal injury claim against defendant, unanimously affirmed, without costs.

The court properly concluded that claimant has not proved by a fair preponderance of the evidence that defendant was negligent in failing to prevent claimant from jumping out of a third floor window at the Bronx Psychiatric Center ("Center"). Although an admissions update report prepared on the day of the incident described claimant as being "demanding", "restless" and "hostile and easily agitated", there was no indication that he was likely to harm himself or others; the testimony of nurses and therapy aides revealed that claimant appeared happy and was interacting with patients and staff in a friendly fashion. Defendant's expert witness testified that constant observation of a patient is needed only if there is some indication he may harm himself or others. Since claimant was not abusive or hostile on the evening of the incident, the trial court was entitled to accept the defense expert's opinion that one-to-one observation was not required, and to disregard the contrary opinion of claimant's expert witness (see, Sciarabba v State of New York, 182 AD2d 892). Finally, that claimant had told a staff member he was planning to leave the Center, did not indicate that he might jump from a third floor window. The staff was not aware of any suicide attempts in the claimant's past and, on previous visits, when claimant left the hospital without permission, he exited the doorway.

We have considered claimant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.